# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| IN RE SUBPOENA TO AMERICAN HOTEL & LODGING ASSOCIATION | Miscellaneous Action No. 19-191 (CKK) |
|---|---|

# MEMORANDUM OPINION
(November 27, 2019)

The Court is in receipt of non-party American Hotel and Lodging Association's ("AHLA") [1] Motion for a Protective Order and [3] Motion to Quash or Modify the Subpoena.

On May 1, 2019, non-party AHLA received service of a subpoena from the plaintiff in a case pending in the United States District Court for the Eastern District of Texas. *See* ECF No. 1-2, Ex. B. At the time the subpoena was served, a protective order was not in place. In July 2019, the Eastern District of Texas court issued a protective order which included a provision stating that any party that produced documents labeled confidential subjected itself and its counsel to the jurisdiction of the Eastern District of Texas. *See* ECF No. 1-3, Ex. C, 3 n.1. AHLA objects to this provision in the protective order indicating that it submits to the jurisdiction of the Eastern District of Texas by producing documents labeled confidential. None of the parties to the underlying litigation object to a modification of the Texas protective order which would make clear that non-party AHLA does not submit to the jurisdiction of the Eastern District of Texas by producing confidential documents. ECF No. 1, 3. However, for reasons not evident to this Court, the parties have thus far refused to request a modification of the protective order from the Eastern District of Texas court. Instead, AHLA comes to this Court seeking protection or modification.

Federal Rule of Civil Procedure 45 governs discovery of non-parties through subpoena. Fed. R. Civ. P. 45. Pursuant to Rule 45, the court where the action is pending has jurisdiction to issue subpoenas to non-parties. Fed. R. Civ. P. 45(a)(2). Here, the subpoena to non-party AHLA was rightfully issued by the court in the Eastern District of Texas, as that court is the court where the underlying litigation is pending. *See TravelPass Group, LLC, et al. v. Caesars Entertainment Corporation, et al.*, Civil Action No. 5:18-CV-153-RWSCMC (E.D. Tex.). However, Rule 45 vests the court "where compliance is required" with jurisdiction to resolve disputes relating to the subpoena of a non-party. Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (e)(2)(B). Non-party AHLA is a nonprofit trade association headquartered in Washington, D.C. Status Report, ECF No. 2, 2. And, AHLA's production of documents required by the subpoena is designated to occur in Washington, D.C. *See* ECF No. 1-2, Ex. B. As such, the United States District Court for the District of Columbia is the court where compliance is required and is thus the court with jurisdiction over AHLA's compliance with the subpoena.

The Court begins by noting that non-party AHLA's fears pertaining to the Texas protective order may well be unfounded. AHLA argues that the Texas protective order requires

that it submit itself and its counsel to the Eastern District of Texas's jurisdiction by producing documents labeled as confidential. It is true that AHLA's production of documents would be protected by the Texas protective order. Pursuant to the Texas protective order, "[t]hird parties from whom discovery is requested are entitled to the protections of this Order in responding" to subpoenas and discovery requests. ECF No. 1-3, Ex. C, 10. However, it is not obvious that the disputed portion of the Texas protective order would apply to non-party AHLA. The disputed portion of the protective order indicates that "*[a] party* may designate a document as Confidential Information of Highly Confidential Information for protection under this Order." *Id*. at 2 (emphasis added). A footnote then goes on to explain that "[b]y designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation." *Id.* at 3 n.1. Reading this footnote in context, it appears to the Court that the footnote applies to *counsel of parties*, not to counsel of non-parties such as AHLA.

Moreover, non-party AHLA's fear that, under the protective order, "[a]ny dispute regarding the subpoena or AHLA's production would require AHLA and its counsel to travel halfway across the country to protect AHLA's interests" is allayed by Rule 45. ECF No. 1, 3. Pursuant to Rule 45 it is the court "where compliance is required" that resolves objections relating to subpoenas, quashes or modifies subpoenas, and makes privilege determinations over subpoenaed documents. Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (e)(2)(B). As such, this Court, not the Eastern District of Texas court, has jurisdiction and is tasked with resolving disputes regarding the subpoena and AHLA's production.

Despite the protections afforded to non-parties by Rule 45, AHLA still requests that this Court issue a protective order making clear that the United States District Court for the District of Columbia is "the place for enforcement" of the subpoena. ECF No 1, 3. The Court begins by noting that it is not clear that this Court has the power to preemptively issue a protective order under these circumstances. Again, pursuant to Rule 45, the court where compliance is required has the power to resolve objections relating to subpoenas, to quash or to modify subpoenas, and to make privilege determinations over subpoenaed documents. Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (e)(2)(B). However, Rule 45 does not discuss the issuance of protective orders such as the one requested here. Additionally, Federal Rule of Civil Procedure 26 explicitly states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). As such, under both Rules 45 and 26 it does not appear that this Court has the authority to issue a protective order in these circumstances. Despite the Court's request that AHLA "cite to caselaw in explaining this Court's jurisdiction" to issue a protective order, AHLA cited no case in which a court issued a protective order in a situation comparable to this one. November 18, 2019 Minute Order. And, on its own research, the Court could locate no such case.

However, as has already been explained, the fact that this Court may not be able to issue a protective order does not deprive AHLA of the protection it seeks. No party to the litigation objects to this Court being the place for enforcement of the subpoena to AHLA. ECF No. 1, 3.

And, as the undisputed court "where compliance is required," this Court has the authority to resolve disputes concerning the subpoena and non-party AHLA's production, should any such disputes eventually arise. Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (e)(2)(B).

For the reasons provided, the Court DENIES WITHOUT PREJUDICE non-party AHLA's [1] Motion for a Protective Order. The Court further GRANTS IN PART AND DENIES IN PART non-party AHLA's [3] Motion to Quash or Modify the Subpoena. The Court GRANTS the Motion insofar as AHLA seeks to ensure that the United States District Court for the District of Columbia is the court with jurisdiction to resolve disputes pertaining to the subpoena. This outcome is required by Rule 45 and no party disputes that this court is the court where compliance is required. The Court otherwise DENIES non-party AHLA's [3] Motion to Quash or Modify the Subpoena.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge